

# The Attorney General of Texas

November 15, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Maurice S. Pipkin
Executive Director
State Commission on Judicial Conduct
120 Supreme Court Bldg.
Austin, Texas 78711

Opinion No. MW-84

Re: Must a complaint arising out of information discovered on execution of a search warrant be filed with the court which issued the warrant?

Dear Mr. Pipkin:

You request an interpretation of certain provisions of chapter 18 of the Code of Criminal Procedure, which relates to search warrants. When a justice of the peace, sitting as a magistrate, issues a search warrant returnable to him, may he require that any subsequent complaint alleging an offense discovered through the search be filed with him?

A search warrant is a written order issued by a magistrate commanding a peace officer to seize property and bring it before him. Code Crim. Proc. art. 18.01. In addition, the officer must arrest and take before the magistrate any person he is directed to arrest by the warrant. Code Crim. Proc. art. 18.09. The magistrate, upon the return of a search warrant, shall try the questions arising upon it, Code Crim. Proc. art. 18.12, and if satisfied that there was a good ground for issuing the warrant, he shall deal with the accused as in other cases before an examining court, Code Crim. Proc. art. 18.14. He shall deliver the record of proceedings before him to the court having jurisdiction of the case. Code Crim. Proc. art. 18.15.

These provisions state that the warrant shall be returned to the issuing magistrate and that the initial proceedings shall be held in his court. In order for the justice of the peace to conduct an examining trial as a magistrate, a complaint must have been filed. Mayes v. State, 17 S.W.2d 59 (Tex. Crim. App. 1929); Brown v. State, 118 S.W. 139 (Tex. Crim. App. 1909); Attorney General Opinion H–1294 (1978); see Code Crim. Proc. arts. 15.04, 15.05, 18.14, 45.01, 45.16, 45.17. The affidavit in support of an arrest made before the magistrate is a complaint if it charges the commission of an offense. Code Crim. Proc. art. 15.04; see Code Crim. Proc. art. 15.05 (requisites of complaint). If a search warrant issued by the justice of the peace also orders an arrest, the affidavit in support may constitute a complaint. See Code Crim. Proc. art. 18.03.

Where no complaint is made until after the search warrant is issued, we believe the officer who executes the warrant need not file the complaint with the issuing magistrate. The provisions of chapter 18 presume that the examining trial will be held before the issuing magistrate, but they nowhere require that the complaint be filed with him. The justice of the peace retains jurisdiction only when the complaint is filed in his court. Code Crim. Proc. art. 4.16. We do not believe that failure to file the complaint with the magistrate who issued the search warrant will impair the jurisdiction of the court which does accept the complaint and conduct the examining trial.

## SUMMARY

When a justice of the peace, sitting as a magistrate, issues a search warrant returnable to him, the complaint alleging an offense discovered through the search need not be filed with him.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath
David B. Brooks
Tom Bullington
Charles Campbell
Bob Gammage
Susan Garrison
William G Reid